## COGSWELL *vs.* COLE & LAIN.

A justice's execution against a party, *an inhabitant having a family*, issued before the expiration of the time limited by statute, is good, if applied for *at the time of the rendition of the judgment*, although judgment was not rendered until four days after the trial, and the execution was obtained without previous notice of an intention to apply for the same.

DEMURRER to replication. This was an action of *trespass de bonis asportatis.* The defendant *Cole* pleaded *non cul.* and *specially,* that on the *twenty-seventh day of June* he obtained a judgment before *Lain,* the other defendant, who was a justice of the peace of the town of Potter, in the county of Yates, in a suit commenced by him against the plaintiff, and on the same day, and *at the time of rendering the judgment,* on his application and oath, an execution was issued upon the judgment, by virtue of which the property in question was taken. The plaintiff *replied* that the cause was tried on the *twenty-third day of June,* and submitted to the justice for determination, who *took four days* to render judgment; that both parties then left the office of the justice, *without any application being made for an execution;* that the justice rendered judgment on the *twenty-seventh* day of June, and that at the time of the rendition of the judgment, the plaintiff was a *resident* of and *had a family* within the county of Yates, and that he *had not notice* of the intention of Cole to apply, nor *of the application for an execution.* To this replication the defendant *Cole* demurred. The pleadings on the part of *Lain* were substantially the same.

*H. Welles,* for the defendants, insisted that the execution duly issued, if, as alleged in the pleas, the application for the same was made *at the time of rendering the judgment;* and that the new matter of *want of notice* set up in the replication, was no answer to the pleas.

*J. A. Spencer,* for the plaintiff, contended that the pleas conceded that without a special application for the issuing

of the execution, the process, issued as it was before the expiration of the time limited by the statute, would have been illegal. That application, he insisted, according to a just construction of the statute, must be made either whilst both parties are *present* before the justice, or *on notice*, so that the party liable to execution may give the security mentioned in the act. Such was the construction given to a similar provision of this same act, by Chief Justice Savage, in *Taylor* v. *Fuller*, 3 Wendell, 406 ; and such must be deemed to have been the intention of the legislature. Here the replication substantially avers that the application was not made whilst the parties were present, or on notice. The replication, therefore, was a good answer.

*By the Court*, BRONSON, J. The execution issued immediately on the rendition of the judgment, although *Cogswell* was an inhabitant of the county of Yates, and had a family. 2 R. S. 249, § 134. This was irregular, and both *Cole* and the justice are trespassers, unless the execution was applied for in the manner prescribed by the 135th section : " Application for such execution may be made either *before* or *at the time of rendering the judgment ;* or, if reasonable *notice* be given to the adverse party, of the intention to apply for such execution, such application may be made at any time *after* the judgment shall have been rendered." The defendants, in their pleas, have brought themselves plainly within the language of the statute ; they aver that the application was made *at the time of rendering the judgment.* To this the plaintiff replies, that the justice took four days to render judgment, (§ 124) upon which both parties left the office, and the plaintiff had no notice of the intention to apply, nor of the application for an execution. This is no answer to the pleas, for the reason that when the application is made either before or at the time of rendering the judgment, no notice to the adverse party is required by the statute.

During the four days which the justice may take for consideration, the parties are only deemed in court for the purpose of receiving judgment. 10 Wendell, 521. The plain-

tiff was not actually present when the judgment was rendered, and consequently had no opportunity of answering the application for an execution, by giving security. (§ 136.) Had the law-makers foreseen that such a case would arise, they would probably have provided for it; but we cannot supply a *casus omissus* in the statute, without assuming powers that have been confided to another department of the government. 1 T. R. 52, per Buller, J. The replications are insufficient.

Judgment for defendants.